UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-81512-CIV-MARRA/JOHNSON

TIM BEAUDOIN,

    Plaintiff,
v.

SCHAEFER MORTGAGE CORPORATION,
a foreign corporation authorized to do
business in the state of Florida; JOHN
GAGLIA, individually, and KEN SCHAEFER,
individually,

    Defendants.
_____/

## OPINION AND ORDER REMANDING CASE

THIS CAUSE is before the Court upon Plaintiff's Motion For Remand [DE 6]. The motion is fully briefed and ripe for review. The Court has carefully reviewed the court record and is otherwise fully advised in the premises.

Defendants removed this case claiming the basis for removal is federal question jurisdiction. "This action arises under the laws of the United States insofar as Plaintiff has brought an action to recover benefits alleged to be due to him under the terms of an employee benefit plan implemented and administered under the terms of ERISA." Notice of Removal at ¶ 5 (citing Declaration of Gaglia at ¶¶ 17-22, and Verified Complaint at ¶ 37).

...

## Legal Standard

It is axiomatic that federal courts are courts of limited jurisdiction. <u>Russell Corp. v. American Home Assur. Co.</u>, 264 F.3d 1040, 1050 (11th Cir. 2001). A party who removes a case to federal court pursuant to 28 U.S.C. § 1441 must prove that the federal district court possesses "original jurisdiction," which exists when the plaintiff's claims arise under the Constitution, laws, or treaties of the United States pursuant to 28 U.S.C. § 1331. Neither the defendant's answer nor its petition for removal may be used to establish federal question jurisdiction. <u>Gully v. First Nat'l Bank</u>, 299 U.S. 109, 113 (1936); <u>Buice v. Buford Broadcasting, Inc.</u>, 553 F.Supp. 388, 389 (N.D. Ga. 1983). Removal jurisdiction is construed narrowly with all doubts resolved in favor of remand. See <u>Pacheco de Perez v. AT & T Co.</u>, 139 F.3d 1368, 1373 (11th Cir. 1998). The removing party has the burden of demonstrating the propriety of removal. <u>Diaz v. Shepard</u>, 85 F.3d 1502, 1505 (11th Cir. 1996).

Federal question jurisdiction is governed by the "well-pleaded complaint" rule. <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 392 (1987). The well-pleaded complaint rule "makes the plaintiff the master of the claim, he or she may avoid federal jurisdiction by exclusive reliance on state law." <u>Id.</u> Unless a "substantial" federal question is presented on the face of the complaint, the case does not arise under federal law. <u>Rivet v. Regions Bank of Louisiana,</u> 522 U.S. 470, 475 (1998); <u>Hagans v. Levine</u>, 415 U.S. 528, 536 (1974); <u>Kemp v. International Business Machines Corp.</u>, 109 F.3d 708, 712 (11th Cir. 1997). However, under the artful pleading doctrine, "a

plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint." Franchise Tax Bd. of California v. Construction Laborers Vacation Trust, 463 U.S. 1, 22 (1983).  Even when the causes of actions pled are state law, the case might still arise under federal law if the right to relief under state law requires "resolution of a substantial question of federal law in dispute." Id. at 13.

## Discussion

Examining the face of the Complaint, the Court finds that there is no federal question present.  Defendants argue that Beaudoin's demand in his Complaint for damages for unpaid "benefits" brings this matter under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1101, et seq.

First, Defendants' assertion that Plaintiff is seeking damages which would invoke ERISA is pure speculation.  As the court noted in Lowery v. Alabama Power Co., 483 F.3d 1184 (11th Cir. 2007), the documents received by the defendant "must contain an unambiguous statement that clearly establishes federal jurisdiction." Id. at 1215 n.63.  The Lowery court further stated that "[t]he absence of factual allegations pertinent to the existence of jurisdiction is dispositive . . ." Id. at 1215. Moreover, Defendants are attempting to raise the federal question through the notice of removal, which is forbidden. Gully, 299 U.S. at 113.  Lastly, Defendants' reliance upon Plaintiff's employment contract as the basis for raising a federal question is prohibited.  In Lowery, the court also stated that "in assessing the propriety of removal, the court considers the document received by the defendant from the

plaintiff" to determine if federal jurisdiction is established.  Id. at 1213.  Here, the contract offered by Defendants did not come from Plaintiff.  The contract is one of Defendants' business records.  Declaration of Gaglia, ¶¶ 18-19.[1]

The Complaint does not expressly raise any federal questions.  Moreover, there is no suggestion or evidence that the artful pleading doctrine comes into play.  Thus, under the well-pleaded complaint rule, there is no federal question jurisdiction.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion For Remand [DE 6] is GRANTED.  This matter is **REMANDED** to the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida.  All pending motions are denied as moot and the clerk shall close the case.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 3rd day of December, 2009.

KENNETH A. MARRA
United States District Judge

copies to:

All counsel of record

---

[1] The Court in Lowery noted a defendant could introduce a contract to establish the amount of damages in dispute, even if the contract did not come from the plaintiff.  Lowery, 483 F.3d at 1214 n.66.  However, this would only be relevant in cases where "the underlying substantive law provides a rule that allows the court to determine the amount of damages."  Id.  That exception is not applicable here where Plaintiff is seeking unliquidated and unspecified damages, which are uncertain both as to an amount and as to a source of substantive law.

Magistrate Judge Linnea R. Johnson